PEOPLE ex rel. LEROY v. FEITNER et al.

(Supreme Court, Appellate Division, First Department. December 9, 1898.)

ASSESSMENTS—CORRECTION—DELAY TO OBJECT.
. Consolidation Act, § 822 (Laws 1882, c. 410), provides that no tax on personal property shall be remitted, canceled, or reduced unless the aggrieved party shall satisfy the commissioners that he has been prevented by absence from the city, or by illness, from making his complaint to them within the time allowed by law for the correction of taxes. *Held*, that where a taxpayer had from January 11th to April 30th to present his objections to his assessment, and, without being ill or absent from the city, he delayed doing so until the last week in April, when sickness prevented him, his rights under the statute were gone.

Appeal from special term, New York county.

Application for mandamus by the people, on the relation of Alfred Leroy, against Thomas L. Feitner and others, commissioners of taxes and assessments of New York City, to compel them to correct an assessment. The application was denied, and relator appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

John N. Lewis, Jr., for appellant.
James M. Ward, for respondents.

INGRAHAM, J. In January, 1897, the personal estate of the relator subject to taxation was valued and assessed by the respondents

at $10,000; and on or about January 11, 1897, the respondents notified the relator of such assessment, and that, if the sum was erroneous, it had to be corrected before the commissioners on or before April 30th, or it would be confirmed at that amount. No application to the commissioners was made to correct such assessment until February 2, 1898, when a petition was presented to them, in which the relator stated that at no time during the year 1897 did he possess any personal estate over and above his debts; that in January, 1897, he received through the mail a notice dated January 11th, which is annexed to his petition; that between April 15 and April 25, 1897, he visited the office of the commissioners on two occasions, and stayed there for over an hour, without having an opportunity to be heard, and that on both of these occasions, after so waiting, he was obliged to leave, through fear that, if he remained longer from his office, he might sacrifice his business position; that he had intended to go to the commissioners' office before April 30th, early some morning, and have his personal tax corrected, without great delay, and without risk of losing his position, but, before he had an opportunity to carry out such intention, he became ill with bronchitis, and was confined to his house for the last week of April and a part of the first week in May; that he was prevented by illness from making his complaint to the tax commissioners; and applied for a remission of such taxes. The petition further states that, upon presentation of this application to the respondents, they refused to grant the same, on the sole ground that they had no power to entertain or grant it, for the reason that the petitioner could not have been prevented by illness from making his complaint, within the meaning of the provisions of the consolidation act and of the charter of the city of New York, because it appeared by said petition that there were days between January 11, 1897, and April 30, 1897, wherein the petitioner was not ill. No answer was made to this petition on behalf of the respondents, but, on the application for a mandamus, coming on to be heard at special term, the motion was denied; and, from the order denying that motion, the relator appeals.

Section 822 of the consolidation act (chapter 410, Laws 1882), which was in force at the time this assessment was made, provides that "no tax on personal property shall be remitted, cancelled or reduced unless the applicant or party aggrieved shall satisfy the commissioners that he has been prevented by absence from the city or by illness from making his complaint or application to them within the time allowed by law for the correction of taxes"; and by section 897 of the charter of the city of New York, which was in force at the time the application to the respondents was made, this provision contained in section 822 of the consolidation act was re-enacted. Before the commissioners had power to remit this tax on personal property, the relator was required to satisfy the board of taxes and assessments that illness or absence from the city had prevented him from making the application to the board within the time allowed by law for the correction of taxes. His own petition to the board showed that he was in the city during the whole period from January 11th to April 30th, and that his illness only prevented him from making the application during the week prior to April 30th. Under the law, the relator was bound to apply to the

board of commissioners before April 30th, and he has under the law the whole period from the time the assessment was made to April 30th. He chose to neglect making the application until the last week of the time allowed by law for making such applications, and the fact that during the last week he was prevented by illness from making it does not show that he was so prevented at any other time. The law contemplates a case where a person whose property is assessed for taxation has been prevented, during the period which the law allows for the correction of such assessments, from making an application to the board for such corrections; not where a few days' illness prevented the application being made during the continuance of the disability. The relator did attend twice at the office of the board for the purpose of applying to have the assessment corrected. He chose to delay making his application until it was so late in the year that other persons waiting to be heard were ahead of him; and then, not choosing to wait until he could, in turn, be heard by one of the commissioners, he postponed making the application; and it was in consequence of such neglect and delay that his application was not made and passed upon. He was not therefore prevented by illness from making the application within the time allowed by law for the correction of taxes.

We think that the respondents correctly decided that they had, under the statute before referred to, no power to remit or cancel the tax. The order appealed from is therefore affirmed, with costs. All concur.